IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| MARK DOUGLAS ADAMS | § | |
| | § | |
| V. | § | A-20-CV-610-RP |
| | § | |
| LORIE DAVIS | § | |

# ORDER

Before the Court is Petitioner's Application for Habeas Corpus Relief under 28 U.S.C. § 2254 (Document 1). Petitioner, proceeding pro se, has been granted leave to proceed in forma pauperis. On June 21, 2020, the Court ordered Petitioner to show cause why his application should not be dismissed as time-barred. Petitioner failed to respond to the Court's order. For the reasons set forth below, the undersigned dismisses as time-barred Petitioner's application for writ of habeas corpus and dismisses without prejudice Petitioner's remaining claims.

## STATEMENT OF THE CASE

**A.    Petitioner's Criminal History**

Petitioner was convicted of two counts of aggravated robbery with a deadly weapon in Travis County, Texas in cause numbers D-1-DC-08-201711 and D-1-DC-08-300703. On May 30, 2008, he was sentenced to 25 years in prison. He did not appeal. He did, however, challenge his conviction in a state application for habeas corpus relief filed in 2019.

**B.    Grounds for Relief**

Petitioner raises the following grounds for relief:

1.    His *Miranda* warnings have never been read to him;

2. His mail has been tampered with in prison and in particular mail that relates to Cause No. 6:19-CV-565 in the Eastern District of Texas; and

3. The Court of Criminal Appeals improperly denied his appeal to the Supreme Court.

Petitioner seeks "full reversal and dismissal" of his criminal charges, the return of all fines and fees paid, plus $3,000 per day for false and illegal imprisonment. He further seeks to have criminal charges brought against all Texas elected judicial officials. He further requests a F.B.I. handwriting analysis be done on any *Miranda* warning forms allegedly bearing his signature. He also requests a full true and correct copy of his medical records from the University of Texas Medical Branch and Texas Tech University Health Science Center. Finally, he requests the Court to order a magistrate judge in the Eastern District of Texas to revisit every motion filed in Cause No. 6:19cv565.

## DISCUSSION AND ANALYSIS

**A.   Application for Habeas Corpus Relief**

To the extent Petitioner challenges his convictions in Travis County, Texas in cause numbers D-1-DC-08-201711 and D-1-DC-08-300703 his claims are barred by the applicable statute of limitations. Federal law establishes a one-year statute of limitations for state inmates seeking federal habeas corpus relief. *See* 28 U.S.C. § 2244(d). That section provides, in relevant part:

> (d)(1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Petitioner's convictions became final, at the latest, on June 29, 2008, at the conclusion of time during which he could have appealed his convictions. *See* Tex. R. App. P. 26.2(a). Accordingly, Petitioner had until June 29, 2009, to timely file his federal application. Petitioner indicates he placed his federal application in the prison mail system on May 22, 2020, nearly 11 years after the limitations period had expired.

Petitioner's state application did not operate to toll the limitations period, because it was filed long after the limitations period had expired. *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (state application for habeas corpus relief filed after limitations period expired does not toll limitations period).

Petitioner alleges no facts showing any equitable basis exists for excusing his failure to timely file his federal habeas corpus application. *See Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005) ("a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way.").

Petitioner also has not shown he was actually innocent under the standard in *Schlup v. Delo*, 513 U.S. 298, 329 (1995). A habeas petitioner, who seeks to surmount a procedural default through a showing of "actual innocence," must support his allegations with "new, reliable evidence" that was

not presented at trial and must show that it was more likely than not that, in light of the new evidence, no juror, acting reasonably, would have voted to find the petitioner guilty beyond a reasonable doubt. *See Schlup*, 513 U.S. at 326–27 (1995); *see also House v. Bell*, 547 U.S. 518 (2006) (discussing at length the evidence presented by the petitioner in support of an actual-innocence exception to the doctrine of procedural default under *Schlup*). "Actual innocence" in this context refers to factual innocence and not mere legal sufficiency. *Bousely v. United States*, 523 U.S. 614, 623–624 (1998). Accordingly, Petitioner's application for habeas corpus relief is time-barred.

**B.     Remaining Claims**

    1.     <u>Infirmities in State Court Proceedings</u>

To the extent Petitioner complains of how the state court reviewed his state habeas application or appeal, his claim fails. Infirmities in state habeas corpus proceedings do not constitute grounds for federal habeas corpus relief. *Wheat v. Johnson*, 238 F.3d 357, 361 (5th Cir. 2001); *Vail v. Procunier*, 747 F.2d 277 (5th Cir. 1984).

    2.     <u>Criminal Charges</u>

Petitioner does not have a constitutional right to have someone criminally prosecuted. *Oliver v. Collins*, 914 F.2d 56 (5th Cir. 1990).

    3.     <u>*Heck* Bar</u>

Petitioner's request for monetary damages is not a proper request for relief in a habeas corpus proceeding. Moreover, his request for damages is currently barred by *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) and the Fifth Circuit's application of Heck to state prisoner § 1983 lawsuits in *Boyd v. Biggers*, 31 F.3d 279 (5th Cir. 1994). In *Heck*, the Supreme Court held:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.

In this case Petitioner does not allege that his convictions have been reversed, expunged, invalidated, or called into question by a federal court's issuance of writ of habeas corpus. Petitioner' recitation of the procedural history in this case indicates just the opposite.

    4.    <u>EDTX Case</u>

Petitioner's complaint of how his mail was handled in the prison with regard to Cause No. 6:19-CV-565 in the United States District Court for the Eastern District of Texas is not properly raised in this habeas corpus proceeding. In addition, to the extent Petitioner challenges actions taken by the magistrate judge in the Eastern District of Texas he must raise those issues in that court.

    5.    <u>Medical Records and Handwriting Analysis</u>

The Court has no authority in this case to order the production of his medical records or to order the F.B.I. to conduct a handwriting writing analysis on any *Miranda* form that may exist bearing Petitioner's purported signature.

## **CONCLUSION**

Petitioner has alleged no facts showing any equitable basis exists for excusing his failure to timely file his federal habeas corpus application. *See Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005) ("a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way."). In addition, the record does not reflect that any unconstitutional state action impeded

Petitioner from filing for federal habeas corpus relief prior to the end of the limitations period. Furthermore, Petitioner has not shown that he did not know the factual predicate of his claims earlier. Finally, the claims do not concern a constitutional right recognized by the Supreme Court within the last year and made retroactive to cases on collateral review.

The remainder of Petitioner's claims are not properly raised in his application for habeas corpus relief, are barred, or are without merit.

It is therefore **ORDERED** that Petitioner's application for writ of habeas corpus is **DISMISSED WITH PREJUDICE** as time-barred.

It is further **ORDERED** that a certificate of appealability is **DENIED**.

It is finally **ORDERED** that, to the extent Petitioner raises claims not related to habeas corpus relief, Petitioner's claims are **DISMISSED WITHOUT PREJUDICE**.

**SIGNED** on July 24, 2020.

*[signature]*

ROBERT PITMAN
UNITED STATES DISTRICT JUDGE